# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| | : | No. 1:05-CR-449 |
| v. | : | |
| | : | (Chief Judge Kane) |
| EDWIN MICHAEL BROWN, | : | |
| Defendant | : | |

## MEMORANDUM

Pending before the Court is Petitioner Edwin Michael Brown's writ of habeas corpus pursuant to 28 U.S.C. § 2255. The motion has been fully briefed and is ripe for disposition. For the following reasons, the Court will deny the habeas petition.

## I. BACKGROUND

On November 16, 2005, a grand jury issued a three-count indictment charging Petitioner and Co-Defendant Jaycee Wise ("Wise"). (Doc. No. 1.) Count I charged Petitioner and Wise with possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c). (Id. at 1.) Count II charged Petitioner and Wise with possession with intent to distribute five grams and more of cocaine base, in violation of 21 U.S.C. § 841(a)(1). (Id. at 2.) Count III charged Petitioner and Wise with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). (Id. at 3.) On January 25, 2006, a grand jury returned a superceding indictment against Petitioner and Wise. (Doc. No. 36.) The superceding indictment alleged the same violations as before; yet the time frame for the violations was expanded to "[o]n or about February 2005 to May 27, 2005," and the drug amount was increased to 50 grams and more of cocaine base. (Id. at 2-3.)

On April 5, 2006, a jury found Petitioner and Wise guilty of all charges. The jury also

found that Petitioner possessed with intent to distribute and distributed 50 grams or more of cocaine base and that Petitioner brandished a firearm in violation of 18 U.S.C. § 924(c). On November 20, 2006, Petitioner was sentenced by this Court to 324 months imprisonment, consisting of: 240 months on Count II; 120 months on Count III, to be served concurrently to Count II; and 84 months on Count I, to be served consecutively to Count II and III. (Doc. No. 114.)

Petitioner appealed his conviction and sentence. On February 12, 2008, the Third Circuit Court of Appeals affirmed the judgment of conviction and sentence. See United States v. Wise, 515 F.3d 207 (3d Cir. 2008). The appellate court rejected Petitioner's arguments that there was insufficient evidence to support his convictions. Id. at 214. In addition, the appellate court affirmed this Court's finding that Petitioner was responsible for selling more than 150 grams of cocaine base, id. at 218-19, and this Court's refusal to impose a sentence below the sentencing guideline range. Id. at 223.

On October 31, 2008, the Court received Petitioner's initial motion to vacate pursuant to 28 U.S.C. § 2255. (Doc. No. 150.) On September 29, 2009, after Petitioner filed his notice of election and a revised habeas motion,[1] this Court ordered that the motion be served on the

---

[1] On January 26, 2009, before any action was taken on the first motion to vacate, Petitioner filed a second motion to vacate, (Doc. No. 151), and a motion to appoint counsel, (Doc. No. 153). On April 9, 2009, the Court issued a standard Miller/Mason Notice of Election, directing Petitioner to complete and file the Notice of Election within 45 days. (Doc. No. 157.) In a letter dated September 16, 2009, Petitioner informed the Court that he had not received the Notice of Election until September 10, 2009, when he had inquired with the Federal Public Defender's Office about his pending motion to vacate. (Doc. No. 167.) With his letter, Petitioner included a completed Notice of Election, indicating that he chose to withdraw his pending motion so that he could file one, all-inclusive motion under § 2255. (Id. at 5.) On September 28, 2009, the Court received Petitioner's revised habeas motion and brief in support pursuant to § 2255. (Doc. Nos. 168, 169.)

2

Government. (Doc. No. 170.) The United States filed its response on October 28, 2009. (Doc. No. 172.) Petitioner filed his reply on November 16, 2009. (Doc. No. 173.) On April 12, 2010, the Court held a hearing on Petitioner's writ of habeas corpus. Following the hearing, the parties submitted supplemental briefs. (See Doc. Nos. 185, 187, 188.) The matter is now ripe for disposition.

**II.    DISCUSSION**

Under 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside or correct the prisoner's sentence. However, § 2255 does not afford a remedy for all errors that may have been made at trial or sentencing. United States v. Essig, 10 F.3d 968, 977 n.25 (3d Cir. 1993) (citing United States v. Addonizio, 442 U.S. 178 (1979)). "The alleged error must raise 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Id. (citation omitted). Furthermore, § 2255 generally limits federal prisoners' ability to attack the validity of their sentences to four grounds. Hill v. United States, 368 U.S. 424, 426 (1962). A prisoner may claim relief by alleging that: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the sentencing court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is "otherwise subject to collateral attack." Id. at 426-27 (citing 28 U.S.C. § 2255).

In order to survive, a collateral attack of a sentence based upon a claim of ineffective assistance of counsel must meet a two-part test established by the Supreme Court. Specifically, a petitioner must establish both: (1) that the performance of counsel fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's errors, the result of the sentencing hearing would have been different. See Strickland v.

Washington, 466 U.S. 668, 687-88, 691-94 (1984); George v. Sively, 254 F.3d 438, 443 (3d Cir. 2001).

In his original motion to vacate, Petitioner raised five different issues supporting his ineffective assistance of counsel claim.[2] At the April 12, 2010 hearing, Petitioner's counsel Stephen Becker informed the Court that Petitioner would be pursuing two main claims, thereby waiving several of the arguments raised in Petitioner's *pro se* filing.[3] First, Petitioner contends that his trial counsel's performance was deficient because he did not challenge Petitioner's exposure to a 7-year mandatory minimum under 18 U.S.C. § 924 at the same time he was subject to a 10-year mandatory minimum under 21 U.S.C. § 841. Second, Petitioner argues that his trial counsel was ineffective for failing to advise him that he could testify on his own behalf at trial.

### A. Failure to Challenge Mandatory Minimum Sentence Under § 924(c)

Petitioner first argues that it was ineffective assistance for his counsel not to argue, pursuant to the language of § 924(c), that he was exempt from its mandatory 7-year sentence because he was subject to a greater mandatory minimum sentence under 21 U.S.C. § 841(a)(1) & (b)(1)(A)(iii).[4] (Doc. No. 185 at 3); see also 18 U.S.C. § 924(c)(1)(A). According to Petitioner,

---

[2] Four of the issues are included in Petitioner's motion to vacate. (Doc. No. 168.) An additional issue, failure to call Petitioner to testify on his own behalf, is included solely in Petitioner's brief in support. (Doc. No. 169.)

[3] The Court additionally notes that it has examined the arguments waived by Petitioner's counsel and the claims are without merit.

[4] Petitioner asks the Court to wait until the Supreme Court has issued a decision in the consolidated cases Abbott v. United States, 130 S. Ct. 1284 (U.S. Jan. 25, 2010) (No. 09-479), and Gould v. United States, 130 S. Ct. 1283 (U.S. Jan. 25, 2010) (No. 09-7073), before determining his first claim of ineffective assistance. The Government apparently agrees that waiting for the Supreme Court's decision would be appropriate. However, the relevant inquiry as to the ineffective assistance claim is whether counsel's advice was "objectively deficient *at the*

"it was clearly unreasonable for counsel not to litigate the issue–especially since at the time of Brown's sentencing it had been litigated in at least four other circuits." (Doc. No. 185 at 3.)

"With respect to the reasonableness of counsel's conduct, '[o]nly in a rare case can an attorney's performance be considered unreasonable under prevailing professional standards when she does not make an [argument] which could not be sustained on the basis of the existing law as there is no general duty on the part of defense counsel to anticipate changes in the law.'" United States v. Davies, 394 F.3d 182, 189 (3d Cir. 2005) (quoting Gov't of Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir.1989)). "The proper standard for measuring minimum constitutional attorney performance is that of reasonably effective assistance, and not exceptional assistance." Id. at 189-90 (internal citations, alterations, and quotation marks omitted). Here, the Court finds that Petitioner's trial and sentencing counsel did not act objectively unreasonably by failing to argue the mandatory minimum issue. At the time of Petitioner's sentencing, all four court of appeals to have addressed the issue had indicated that the language in § 924(c) did not operate to narrow its mandatory minimum provision as against separate criminal statutes. See United States v. Studifin, 240 F.3d 415, 423-24 (4th Cir. 2001) ("[W]e do not believe that Congress intended to narrow § 924(c) by eliminating mandatory consecutive sentences where another provision imposes a higher mandatory minimum sentence for conduct other than that described in § 924(c)."); United States v. Alaniz, 235 F.3d 386, 389 (8th Cir. 2000) ("The ten-year mandatory minimum drug sentence at 21 U.S.C. § 841(b)(1)(A) does not govern firearm-related conduct,

---

time of the omission . . . ." United States v. Polk, 577 F.3d 515, 520 (3d Cir. 2009) (emphasis added). Therefore, a subsequent change in the law by the Supreme Court will not interfere with this Court's analysis of the arguments raised by defense counsel at the time of Petitioner's trial and sentencing.

and therefore does not fall within [§924](c)(1)(A)'s reference to 'any other provision of law.'"); see also United States v. Jolivette, 257 F.3d 581, 587 (6th Cir. 2001) (adopting reasoning of Alaniz and Studifin); United States v. Collins, 205 F. App'x 196, 197-98 (5th Cir. 2006) (adopting reasoning in Alaniz, Studifin, and Jolivette).

Since Petitioner's sentencing in November 2006, a majority of circuit courts of appeals, including the Third Circuit, have adopted the position originally taken by the Eighth Circuit in Alaniz. See United States v. Abbott, 574 F.3d 203, 211 (3d Cir. 2009) ("Reading the prefatory clause in context as we must, we agree with the majority of courts that the 'except' language connotes a comparison between alternative minimum sentences for a violation of § 924(c), not between sentences for separate violations of § 924(c) and another statute."), cert. granted, 130 S. Ct. 1284 (U.S. Jan. 25, 2010) (No. 09-479); see also United States v. Villa, 589 F.3d 1334, 1342-43 (10th Cir. 2009) (counting eight other circuit court of appeals that rejected reading § 924(c) should be displaced by a separate mandatory minimum, and joining that majority); but see United States v. Whitley, 529 F.3d 150, 151 (2d Cir. 2008) (finding that the consecutive minimum ten-year sentence under 924(c) was inapplicable where defendant was subject to a higher fifteen-year minimum sentence as an armed career criminal).

In this case, it was not unreasonable for defense counsel not to raise an argument that, at the time of the trial and sentencing, had already been struck down by several other circuits. See Davies, 394 F.3d at 190-91 (finding that defendant's counsel "had no duty to predict that the arguments in [a subsequent Supreme Court decision] would become the law of the land, and did not act unreasonably in failing to advise [the defendant] of its teachings before his guilty plea"); United States v. Roberson, 194 F.3d 408, 418 (3d Cir. 1999) (finding that counsel was not

ineffective for failing to make a legal distinction between crack and cocaine base, because no such distinction was created by the Sentencing Commission until almost four years later). Therefore, the Court finds that Petitioner has failed to establish that his counsel was deficient, and his habeas petition will be denied as to this claim.

### B. Failure to allow Petitioner to testify at trial

Petitioner's second claim of ineffective assistance claim is that his trial counsel gave him incorrect advice on his right to testify at trial. Specifically, Petitioner argues that his trial attorney "incorrectly advised him that 'the only way that he . . . could take the witness stand is if he were to testify against someone else.'" (Doc. No. 169 at 2-3.) Petitioner bases his argument on his own testimony at his sentencing hearing, where he stated:

> I could have easily got on the stand, too, and said what I had to say, but my lawyer didn't tell me to get on the stand. The only way I was getting on the stand was if I was getting on the stand to testify against somebody. But I could have gotten on the stand and said what I had to say, played a part what I had to say, but he didn't tell me. The only way I was getting on the stand unless I was testifying against somebody.

(Doc. No. 169 at 2.) Even though Petitioner claims that he wanted to testify on his own behalf, Petitioner has not presented any evidence that his testimony would have undermined the jury's guilty verdict. As a result, Petitioner's claim for ineffective assistance of counsel must fail under the second prong of Strickland because Petitioner cannot establish a "reasonable probability" that, had he testified, "the result of the proceeding would have been different." Strickland, 466 U.S. at 694; see Palmer v. Hendricks, 592 F.3d 386, 396-99 (3d Cir. 2010) (holding that there is no presumption of prejudice where a defendant fails to be properly advised that he had a right to testify at his own trial).

7

In his supplemental brief, Petitioner recognizes that his argument fails against the Third Circuit precedent in <u>Palmer</u> and that he should be denied relief. (<u>See</u> Doc. No. 188 at 3.) However, he requests that he be issued a certificate of appealability so that he can ask the Third Circuit to reconsider <u>Palmer</u> and, if necessary, petition the Supreme Court for certiorari. (<u>Id.</u>) Because Third Circuit precedent goes directly against his claim, no certificate of appealability shall issue. In order for a certificate of appealability to issue in his ineffective assistance claim, Petitioner must make a substantial showing of the denial of a constitutional right. <u>See</u> 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003) In the present case, Petitioner was required to show (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) a reasonable probability that, but for counsel's errors, the result of the sentencing hearing would have been different. <u>Strickland</u>, 466 U.S. at 687-88, 691-94. Petitioner has failed to show that he was prejudiced by any errors on the part of his counsel; therefore, no certificate of appealability shall issue.

### III. CONCLUSION

Petitioner's § 2255 motion fails to make the required showing of ineffective assistance of counsel under <u>Strickland</u>. Therefore, his petition will be denied and no certificate of appealability will issue. An order consistent with this memorandum follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | No. 1:05-CR-449 |
| v. : | |
| : | (Chief Judge Kane) |
| **EDWIN MICHAEL BROWN,** : | |
| **Defendant** : | |

## ORDER

**AND NOW**, on this 11th day of June 2010, it is **HEREBY ORDERED THAT** Petitioner's writ of habeas corpus (Doc. No. 168) is **DENIED**. Petitioner's previous motions (Doc. Nos. 150, 151) are deemed moot. No certificate of appealability shall issue. The Clerk of Court is directed to close this case.

/s/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania